UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTINA MOORE,  6:14-CV-1967-TC

              Plaintiff,

    v.  FINDINGS AND RECOMMENDATION

ACCOUNT CONTROL TECHNOLOGY,
INC.,

              Defendant.

COFFIN, Magistrate Judge:

Plaintiff, represented by counsel, brings this action pursuant to the Fair Debt Collection Practices Act (FDCPA). Both plaintiff and defendant have brought motions for summary judgment.

**Legal Standard**

Federal Rule of Civil Procedure 56 allows the granting of summary judgment:

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). There must be no genuine issue of material fact. Anderson v. Liberty Lobby,

Page 1 - FINDINGS AND RECOMMENDATION

Inc., 477 U.S. 242, 247-48 (1986).

The movant has the initial burden of establishing that no genuine issue of material fact exists or that a material fact essential to the nonmovant's claim is missing. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). Once the movant has met its burden, the burden shifts to the nonmovant to produce specific evidence to establish a genuine issue of material fact or to establish the existence of all facts material to the claim. Id.; see also, Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc., 210 F.3d 1099, 1105 (9th Cir. 2000). In order to meet this burden, the nonmovant "may not rely merely on allegations or denials in its own pleading," but must instead "set out specific facts showing a genuine issue of fact for trial." Fed. R. Civ. P. 56(e).

Material facts which preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. Anderson, 477 U.S. at 248. Factual disputes are genuine if they "properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. On the other hand, if, after the court has drawn all reasonable inferences in favor of the nonmovant, "the evidence is merely colorable, or is not significantly probative," summary judgment may be granted. Id.

## Factual Background

Plaintiff's claim centers on the placing of phone calls by defendant ACT and the disclosures made during those calls. The parties agree there are no genuine issues of material fact in this matter.

Lane Community College placed its account with defendant Account Control Technology (ACT) regarding a debt owed by plaintiff. ACT placed its first telephone call to plaintiff on or about

Page 2 - FINDINGS AND RECOMMENDATION

June 20, 2014. Plaintiff answered her telephone and the following conversation occurred:

> Hello?
> *Hi, may I please speak with Christina?*
> This's her.
> *This is Christina Moore?*
> Yes.
> *Hi, Ma'am. My name is Jasmine. I'm with Account Control Technology. Did you Attend Lane Community College?*
> Yes.
> ....
> *Thank you, Ma'm Before we go any further, federal law requires me to inform you this is an attempt to collect a debt by a debt collector. Any information [interrupted]*
> ....

Exh. 2 at Bates#005. Plaintiff has also admitted that during this first contact with ACT, the ACT representative told her she owed a debt to Lane Community College and that ACT was a debt collector. See, Exh. 1 at 94:22-95:2.

On July 3, 2014, ACT left the following message with plaintiff: "*We have an important message from Account Control Technology. This is a call from a debt collector. Please call [phone number].*" Exh. 2. This is a script message left by all ACT employees when they are leaving messages on a answering machine for a borrower. Employees do not announce their individual names in these messages as "the call is being placed by a representative of the company, and there's no guarantee that a consumer who calls back in will receive the same agent." Exh. 3. Additional recorded messages were subsequently left on plaintiff's phone on four other occasions: July, 10th, July 21st, August 7th, and August 20th. Exh. 2. No further contact was made with Ms. Moore.

## Discussion

As is relevant to plaintiff's claim, the FDCPA prohibits " the placement of telephone calls without <u>meaningful disclosure</u> of the <u>caller's identity</u> . " 15 U.S.C. <u>§1692d(6)</u> (emphasis added)

Defendant ACT argues it made meaningful disclosure of the caller's identity by stating, in every call to plaintiff, that the caller was: 1) "Account Control Technology;" and that 2) "this is a call from a debt collector." Defendant ACT argues that the providing of the name of the ACT representative leaving the message is immaterial as to whether the disclosure is "meaningful."

Plaintiff characterizes defendant's argument as "absurd." However, it is plaintiff's position that is nonpersuasive and nonsensical. Plaintiff contends that "when an agent makes a call on behalf of a principal, two people can be correctly referred to as the 'caller,' not one. When that is the case in the context of the FDCPA, both 'callers' must disclose their identity, but an individual caller may conceal their real name and use an alias." P. 3 of Reply (#14).

There is no case law that is directly on point to the issue of "meaningful disclosure " in relation to the calling representative giving his or her name in addition to disclosing that the caller represents a debt collection entity. However, courts have analyzed the issue of "meaningful disclosure" in various other contexts. Courts repeatedly find that a disclosure is not "meaningful" when facts are omitted that would lead one to conclude the calling party is not a debt collector or that the call is not a debt collection call. See, e.g., <u>Costa v. National Action Financial Services</u>, 634 F. Supp. 2d 1069 (C.D. Cal. 2007); <u>Hosseinzadeh v. M.R.S. Assocs, Inc.</u>, 387 F.Supp. 2d 1104 (D.D. Cal. 2005); <u>Doshay v. Global Credit Collection Corporation</u>, 796 F. Supp. 2d 1301 (D. Colo. 2011).

These cases are different from the present action. The messages left by ACT made no attempt to conceal any information about the calling party or the nature fo the call. As stated, plaintiff does

not contest that each message accurately identifies the calling party as defendant Account Control Technology and that each message expressly states that the call was from a debt collector. Moreover, each message was after the initial conversation with plaintiff who, from that conversation, knew exactly the nature and purpose of defendant's call. There was no concealment in defendant's messages in this action and thus the disclosure in this action was "meaningful."

Plaintiff notes case law indicating that if the representative ends up giving his or her name when leaving a message, such name can be an alias without violating the FDCPA. Plaintiff does not have case law that says a personal representative must state a personal name or personal alias in addition to stating the identity of the debt collection company and stating that the call is a debt collection call. There is no such case law and this court declines to create any. The stating of the representative's personal name (and, obviously, his or her alias) is immaterial to whether there is a meaningful disclosure of the caller's identity. A representative's name (and similarly, a representative's alias) is not "meaningful" to a consumer –the human caller is not the entity which owns or seeks the debt; the consumer would not satisfy the debt by writing a check to the representative personally; nor would the consumer sue the representative personally for violating the FDCPA. See Torres v. ProCollect, Inc., 865 F. Supp. 2d 1103, 1105 ( D. Colo. 2012).

This approach is consistent with the purpose of the FDCPA which was enacted to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. §1692(e), and prohibits a debt collector from engaging in "any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

## Conclusion

Plaintiff's motion (#14) for partial summary judgment should be denied.

Defendants' motion (#11) for summary judgment should be allowed and this action should be dismissed.

DATED this 20 day of October, 2015.

_____
THOMAS M. COFFIN
United States Magistrate Judge